**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DELIS B. PIERRE (#498929)**  **CIVIL ACTION**

**VERSUS**

**20-182-JWD-RLB**

**JAMES LEBLANC, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 3, 2020.

                                                         **RICHARD L. BOURGEOIS, JR.**
                                                         **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DELIS B. PIERRE (#498929)**                              **CIVIL ACTION**

**VERSUS**

                                                           **20-182-JWD-RLB**

**JAMES LEBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendants Secretary James LeBlanc, Seth Smith, Warden Darrel Vannoy, Deputy Warden Joseph Lamartiniere, Assistant Wardens Darian Thompson and Tim Delaney, and Dr. Randy Lavespere (R. Doc. 9). The Motion is not opposed.

The *pro se* plaintiff, an inmate formerly incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding against defendants James LeBlanc, Darrel Vannoy, Kendal Varner, Jane Doe McCrainey, Jane Doe McDowell, John Doe Rogers, Randy Lavespere, Darian Thompson, Carl Tim Delaney, Joseph Lamartiniere, Jeff Travis, and Seth Smith complaining that his constitutional rights were violated due to cruel and unusual punishment, the use of excessive force, failure to protect from the use of excessive force, and deliberate indifference to his serious medical needs.[1] He seeks monetary and declaratory relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official

---

[1] As to defendants Jane Doe McDowell, John Doe Rogers, and Jeff Travis a review of the record reveals that these defendants have not been served because service was not accepted by the Department of Corrections. *See* R. Doc. 6. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service and has failed to take action to direct service on these defendants. *See* R. Doc. 6 . It is appropriate, therefore, that the plaintiff's claims asserted against defendants McDowell, Rogers, and Travis be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against the moving defendants in their official capacities for monetary damages are subject to dismissal.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following: On August 23, 2018 the plaintiff set fire to his mattress because he was denied access to his legal work despite numerous requests for its return. The plaintiff was brought to the treatment center and placed in 4-point restraints. The plaintiff requested padding for his head due to the strain the position was putting on his injured shoulder. The plaintiff was given padding, but it was later taken away. The plaintiff was not allowed to get up every 2 hours as required by policy and was forced to urinate on the floor.

On August 24, 2018 Lt. McDowell entered the plaintiff's cell with a nurse. His right hand was removed from the restraints so his vitals could be taken and to allow him to eat breakfast. The plaintiff refused his breakfast and informed Lt. McDowell that he was on a hunger strike. Lt. McDowell ordered the plaintiff to place his right hand back in the restraint. The plaintiff refused since he was not being allowed up every two hours and requested to see a higher-ranking officer.

Sgt. McCrainey, Major Varner, and Sgt. Rogers entered the plaintiff's cell and Major Varner grabbed the plaintiff by the throat and attempted to place the plaintiff's hand back in the restraint. The plaintiff jerked away and attempted to spit at Major Varner. Major Varner then grabbed the plaintiff by the throat again and began punching the plaintiff in the face. The plaintiff freed himself from Major Varner's grip and cursed and threatened the officer. The plaintiff was again grabbed by Major Varner who punched the plaintiff in the face until Sgt. Rogers was able to secure the plaintiff's hand. Sgt. McCrainey was present when excessive use of force was used against the plaintiff but did not intervene and has denied witnessing the same on two occasions.

The plaintiff was seen by Dr. Lavespere for his injuries, including popping in his jaw, scratches on his neck, and knots and bruising on his face. Dr. Lavespere sent the plaintiff for an x-ray which was negative for fractures. The plaintiff requested that Dr. Lavespere document all of the plaintiff's injuries, but Dr. Lavespere failed to so do. The plaintiff was placed back in 4-point restraints until he was released on August 25, 2018.

The moving defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in

determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim against any of the moving defendants.

First, the plaintiff has failed to allege sufficient personal involvement on the part of defendants Secretary James LeBlanc, Seth Smith, Warden Darrel Vannoy, Deputy Warden Joseph Lamartiniere, Assistant Wardens Darian Thompson and Tim Delaney. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or

as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, the plaintiff failed to sufficiently allege that defendants LeBlanc, Smith, Vannoy, Lamartiniere, Thompson and Delaney have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. The plaintiff does not allege that these defendants were personally involved in the above described events. Rather, the plaintiff makes conclusory allegations of supervisory liability in his claims for relief.

The plaintiff has also failed to allege the prerequisites for supervisory liability. In this circuit, "[t]o succeed on a failure to train claim, a plaintiff must show that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of ... [a] plaintiffs rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). The plaintiff merely alleges in a conclusory fashion that, the defendants failed to adequately train officials and staff members and failed to end a known pattern of abuse inflicted upon the plaintiff. The plaintiff does not give any further detail as to the alleged pattern of abuse as he only describes a single incident. As such, the Complaint fails to set forth a claim for supervisory liability on the part of defendants LeBlanc, Smith, Vannoy, Lamartiniere, Thompson and Delaney.

Next, the plaintiff alleges that defendants LeBlanc, Smith, Vannoy, Lamartiniere, Thompson and Delaney failed to adequately respond to his grievances and informal complaints. Such allegations fail to state a claim upon which relief may be granted as the plaintiff is not constitutionally entitled to an investigation into his administrative claims, or to a fair or favorable

response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

Finally, with regards to defendant Dr. Lavespere, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff does not allege that Dr. Lavespere denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints.

Rather then plaintiff asserts that Dr. Lavespere spent two hours with the plaintiff. The plaintiff's allegations that Dr. Lavespere failed to adequately document the plaintiff's injuries, or ensure that the nurse did, do not amount to deliberate indifference to the plaintiff's serious medical needs.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 9) be granted, and the plaintiff's claims against defendants Secretary James LeBlanc, Seth Smith, Warden Darrel Vannoy, Deputy Warden Joseph Lamartiniere, Assistant Wardens Darian Thompson and Tim Delaney, and Dr. Randy Lavespere be dismissed, with prejudice. It is further recommended that the plaintiff's claims asserted against defendants McDowell, Rogers, and Travis be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on December 3, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**