**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DELIS B. PIERRE (#498929)**                                          **CIVIL ACTION**

**VERSUS**

                                                                                    **20-182-JWD-RLB**

**JAMES LEBLANC, ET AL.**

**NOTICE**

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Signed in Baton Rouge, Louisiana, on February 8, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DELIS B. PIERRE (#498929)**                              **CIVIL ACTION**

**VERSUS**
                                                          **20-182-JWD-RLB**
**JAMES LEBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the remaining defendants' Motion for Summary

Judgment (R. Doc. 21). The Motion is not opposed.

The *pro se* plaintiff, an inmate formerly incarcerated at Louisiana State Penitentiary ("LSP")

filed this proceeding against defendants James LeBlanc, Darrel Vannoy, Kendal Varner, Jane Doe

McCrainey, Jane Doe McDowell, John Doe Rogers, Randy Lavespere, Darian Thompson, Carl Tim

Delaney, Joseph Lamartiniere, Jeff Travis, and Seth Smith complaining that his constitutional rights

were violated due to cruel and unusual punishment, the use of excessive force, failure to protect

from the use of excessive force, and deliberate indifference to his serious medical needs. He seeks

monetary and declaratory relief.

The remaining defendants,[1] Kendal Varner and Dorothy McCrainey, move for summary

judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of one

of the plaintiff's pertinent Administrative Remedy proceedings (LSP-2018-2420). Pursuant to well-

established legal principles, summary judgment is appropriate where there is no genuine disputed

issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule

56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the

Court of the basis for the motion and identify those portions of the pleadings, depositions, answers

---

[1] The plaintiff's claims against all other defendants have been previously dismissed. *See* R. Docs. 18 and 20.

to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following: On August 23, 2018 the plaintiff set fire to his mattress because he was denied access to his legal work despite numerous requests for its return. The plaintiff was brought to the treatment center and placed in 4-point restraints. The plaintiff requested padding for his head due to the strain the position was putting on his injured shoulder. The plaintiff was given padding, but it was later taken away. The plaintiff was not allowed to get up every 2 hours as required by policy and was forced to urinate on the floor.

On August 24, 2018 Lt. McDowell entered the plaintiff's cell with a nurse. His right hand was removed from the restraints so his vitals could be taken and to allow him to eat breakfast. The plaintiff refused his breakfast and informed Lt. McDowell that he was on a hunger strike. Lt. McDowell ordered the plaintiff to place his right hand back in the restraint. The plaintiff refused since he was not being allowed up every two hours and requested to see a higher-ranking officer.

Sgt. McCrainey, Major Varner, and Sgt. Rogers entered the plaintiff's cell and Major Varner grabbed the plaintiff by the throat and attempted to place the plaintiff's hand back in the restraint. The plaintiff jerked away and attempted to spit at Major Varner. Major Varner then grabbed the plaintiff by the throat again and began punching the plaintiff in the face. The plaintiff freed himself from Major Varner's grip and cursed and threatened the officer. The plaintiff was again grabbed by Major Varner who punched the plaintiff in the face until Sgt. Rogers was able to secure the plaintiff's hand. Sgt. McCrainey was present when excessive use of force was used against the plaintiff but did not intervene and has denied witnessing the same on two occasions.

The plaintiff was seen by Dr. Lavespere for his injuries, including popping in his jaw, scratches on his neck, and knots and bruising on his face. Dr. Lavespere sent the plaintiff for an x-ray which was negative for fractures. The plaintiff requested that Dr. Lavespere document all of the plaintiff's injuries, but Dr. Lavespere failed to so do. The plaintiff was placed back in 4-point restraints until he was released on August 25, 2018.

In response to the plaintiff's allegations, defendants Varner and McCrainey contend that the claims asserted in this proceeding are time-barred. Specifically, the defendant asserts that more than one year of un-tolled time elapsed after the referenced incident before the plaintiff filed his Complaint herein.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations

period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[2] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by the plaintiff occurred on August 24, 2018, by which date the plaintiff possessed sufficient information to place him on notice of the existence of his cause of action regarding the use of excessive force by defendant Varner and defendant McCrainey's failure to intervene. Accordingly, the plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendant arising out of the incident complained of would be seen to have prescribed no later than August 27, 2019, the one-year anniversary of the incident.[3] Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, March 14, 2020, the date that he apparently signed it, it appears from the face of the Complaint that his claim

---

[2] *See* La. Civ. Code Art. 3456
[3] The actual date is August 24, 2019; however, that date fell on a Saturday.

is time-barred. Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

The plaintiff has not opposed the instant Motion. However, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing to the events of August 24, 2018, the Court has concluded that the plaintiff's claim accrued and the one-year limitations period commenced to run on that date. The record reflects that the plaintiff submitted a request for administrative remedy to prison officials thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that the plaintiff's grievance is

hand-dated September 29, 2018. (R. Doc. 21-4 at 5). As such, 36 days elapsed between the occurrence of the event complained of and the filing of the plaintiff's first administrative grievance.

The plaintiff's administrative proceeding remained pending and thereby suspended the running of the limitations period until those proceedings were concluded by the plaintiff's receipt of the final agency response. *See* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed"). Accordingly, the applicable limitations period began to run again on that date.

In the instant matter, the plaintiff signed for receipt of the final agency response on March 14, 2019. *See* R. Doc. 21-4, p. 2. At that time, 329 days remained in the limitations period and the plaintiff had until February 6, 2020 to timely file his Complaint. The plaintiff's Complaint was signed and dated by him on March 13, 2020. Accordingly, it appears the Complaint was not filed within the one-year limitations period.

Despite notice and an opportunity to appear, the plaintiff has not come forward with any competent summary judgment evidence in opposition to the defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' Motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 21) be

granted, and that this matter be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on February 8, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE